**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1271**

BRANDON TAYLOR,

             Plaintiff – Appellant,

        v.

PENINSULA REGIONAL MEDICAL CENTER,

             Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William M. Nickerson, Senior District
Judge.  (1:12-cv-03794-WMN)

Submitted:  October 16, 2014          Decided:  June 4, 2015

Before MOTZ, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robin R. Cockey, COCKEY, BRENNAN & MALONEY, PC, Salisbury,
Maryland, for Appellant. Randi Klein Hyatt, Kevin M. Cox,
KOLLMAN & SAUCIER, P.A., Timonium, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Taylor appeals the district court's order granting the Defendant's motion for summary judgment in his action filed under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 (2012), and 42 U.S.C. § 1981 (2012) claiming retaliation discrimination. On appeal, Taylor argues that the Defendant's legitimate, non-discriminatory reasons for his termination[*] were pretextual. Finding no reversible error, we affirm.

We review a district court's grant of summary judgment de novo, viewing the facts and drawing reasonable inferences in the light most favorable to the nonmoving party. Halpern v. Wake Forest Univ. Health Scis., 669 F.3d 454, 460 (4th Cir. 2012). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment will be granted unless "a reasonable jury could return a verdict for the nonmoving party" on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of

---

[*] We agree with the district court that Taylor raised a genuine issue of material fact with regard to the existence of an adverse employment action.

2

[the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted). "To establish a prima facie case of retaliation in contravention of Title VII, a plaintiff must prove (1) that []he engaged in a protected activity," as well as "(2) that h[is] employer took an adverse employment action against h[im]," and "(3) that there was a causal link between the two events. A prima facie retaliation claim under 42 U.S.C. § 1981 has the same elements." Boyer-Liberto v. Fontainebleau Corp., ___ F.3d ___, 2015 WL 2116849, at *13 (4th Cir. May 7, 2015) (internal quotations and citations omitted).

With these standards in mind, we have reviewed the record, the parties' briefs, and the district court's opinion and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. Taylor v. Peninsula Reg'l Med. Ctr., No. 1:12-cv-03794-WMN (D. Md. Mar. 10, 2014). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED